UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

v.                                    Civil No. 17-cv-189-JD
                                      Opinion No. 2018 DNH 110
$16,784.00 U.S. Currency


O R D E R

On May 15, 2017, the government brought a civil forfeiture action, in rem, against $16,784.00 in United States currency, that was seized during the search of an apartment in Lawrence, Massachusetts.[1] During the search, agents also found cocaine, drug packaging equipment, and a cell phone associated with the investigation. The government alleges that the currency is subject to forfeiture because it was furnished or intended to be furnished in exchange for controlled substances. See 21 U.S.C. § 881(a)(6).

Ylkania Abad lived in the apartment and was present during the search, although she was not charged. The government served

---

[1] Following the search, Farel Guzman, who lived in the apartment, was arrested on a charge of conspiracy with the intent to distribute Fentanyl. See United States v. Guzman, Crim. Case. No. 16-cr-135-SM, doc. no. 44 (D.N.H. Mar. 16, 2017). Guzman pled guilty and was sentenced to a prison term of eighty-seven months. Elgid Guzman was also charged and pled guilty to drug charges in the same action and was sentenced to a prison term of eighty-seven months. Id., doc. no. 48.

Abad with the forfeiture complaint on November 16, 2017. She filed a claim to the seized currency on November 30, 2017. In the claim, Abad represented that the currency belongs to her and is the proceeds from the sale of her business, Dominican Associates. She also stated that she was not aware of Guzman's illegal activities.

Abad did not file an answer to the complaint, which was due by December 20, 2017. See Rule G(5)(b), Supp. Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions. The Assistant United States Attorney, who is handling this case, was in touch with Abad and encouraged her find counsel to represent her in the forfeiture action.

For that reason, the government did not immediately move to strike Abad's claim when she failed to file an answer. Nevertheless, after several months passed and Abad still had not filed an answer, the government moved to strike her claim.

## Discussion

The government moves to strike Abad's claim to the seized currency because she failed to file an answer to the complaint. The government contends that failure to file an answer deprives Abad of standing to contest the forfeiture. Abad did not respond to the motion to strike.

"Standing is a threshold consideration in all cases, including civil forfeiture cases." United States v. One-Sixth Share of James C. Bulger in All Present & Future Proceeds of Mass. Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003). One who brings a claim in a civil forfeiture proceeding must have standing as an intervenor. Id. Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions "governs a forfeiture action in rem arising from a federal statute." Supp. Rule G(1); United States v. $31,000 in U.S. Currency, 872 F.3d 342, 347 (6th Cir. 2017).

Supplemental Rule G(5) provides the requirements for a claimant to intervene in a forfeiture case, which are filing a claim that complies with the Rule and filing an answer within the time allowed. $31,000 in U.S. Currency, 872 F.3d at 347. "Any deviation from the requirements [of Supp. Rule G] deprives the claimant of statutory standing." United States v. $99,500.00 Currency, 699 Fed. Appx. 542, 543 (6th Cir. 2017); United States v. Funds in the AMount of $239,400, 795 F.3d 639, 643-44 (7th Cir. 2015). Pursuant to Supplemental Rule G(8)(c)(i)(A), the government may move to strike a claim for failure to comply with Supplemental Rule G(5) when a claimant fails to file an answer because the claimant lacks standing to contest the forfeiture. Id. at 348.

There is no dispute that Abad did not file an answer to the complaint as is required by Supplemental Rule G(5)(b). She also did not respond to the government's motion to strike her claim. As a result, she lacks standing to contest the forfeiture of the currency seized by the federal agents. See United States v. $27,601.00 U.S. Currency, 2017 WL 4776330, at *2 (W.D.N.Y. Sept. 27, 2017); United States v. Approximately 64 Dogs, 2017 WL 379404, at *3 (C.D. Ill. Jan. 26, 2017). Therefore, the claim Abad filed must be struck for failing to comply with Supplemental Rule G(5)(b). Supp. Rule G(8)(c)(i)(A) & (B).

## Conclusion

For the foregoing reasons, the government's motion to strike (document no. 10) is granted. The claim filed by Ylkania Abad on November 30, 2017, document no. 7, is struck.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 24, 2018

cc: Ylkania Abad, pro se
    Robert J. Rabuck, Esq.

4